IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARVIN W. MILLSAPS, )
 )
 Plaintiff, )
 )
 v. ) 1:13CV894
 )
LEWIS SMITH, et al., )
 )
 Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff does not request any proper form of relief. Instead, in the section of the Complaint set aside for stating the relief requested, Plaintiff makes discovery requests and requests for discovery sanctions. Although discovery may occur at an appropriate time in a lawsuit, it is not a form of relief. In addition, discovery is not appropriate in a lawsuit prior to service of the Complaint and an answer by Defendants.

2. It is not clear what exactly Plaintiff is challenging as the basis of his claims in this case, and therefore the Court cannot determine whether the Complaint states any proper claim for relief.

   Plaintiff alleges that he was "approved" under the Americans with Disabilities Act and then sought approval for medical "gain time" and entry into a geriatric program. He complains that as of the time of the filing of the Complaint, prison officials had neither approved nor rejected his requests and did not answer all of his letters inquiring about the approval process. (Complaint

[Doc. #2], § V.) Documents attached to the Complaint show that at least some of the inquiries were answered and that Plaintiff was told that the matter was under review and that he would hear the result of the review in the future. Based on the Complaint and exhibits, Plaintiff's claim appears to be that prison officials are not acting as quickly as he wishes.[1]

To the extent the Plaintiff may be attempting to raise an alleged procedural or substantive due process claim, Plaintiff must identify a protected liberty or property interest. See See Meachum v. Fano, 427 U.S. 215 (1976); Sandin v. Conner, 515 U.S. 472 (1995); O'Bar v. Pinion, 953 F.2d 74 (4th Cir. 1991) ("Transfers, administrative segregation and reclassification . . . are also discretionary administrative acts in which an inmate obtains no liberty interest under North Carolina law"). Statutorily-created "credits" may create a liberty interest in a "shortened prison sentence." Sandin, 515 U.S. at 477 (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). However, to the extent Plaintiff's challenge would result in "gain time" credits, Plaintiff's allegations are not proper under § 1983. Instead, he must request the proper forms and file a habeas action under 28 U.S.C. § 2254. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) ("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of physical confinement' and thus lies at 'the core of habeas corpus.'" (internal citations and ellipses omitted) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973)).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

---

[1] The Court notes that some of the attachments to the Complaint also relate to claims raised by Plaintiff in other cases he has filed in this Court, but are not the subject of the Complaint in this case.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 1st day of November, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge